IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roy A. Roberts, *aka Roy Allen Roberts*, | ) | C/A No. 0:11-0066-HFF-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND** |
| State of South Carolina, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Roy A. Roberts ("Petitioner"), proceeding *pro se*, files this matter which he entitles "Petition for Writ of Error Coram Nobis." This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate the Tyger River Correctional Institution of the South Carolina Department of Corrections. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

On January 29, 2002, in the Court of General Sessions for Dorchester County, Petitioner pled guilty to felony DUI, driving under suspension (third offense), and habitual traffic offender. He was sentenced to fifteen (15) years in prison.

Petitioner's convictions were affirmed on direct appeal by the South Carolina Court of Appeals. State v. Roy Roberts, Opinion No. 2003-UP-563 (S.C.Ct.App. Sept. 29, 2003), which is referenced in Shearouse Advance Sheet No. 37 (Oct. 13, 2003). Petitioner filed an application for post-conviction relief (Case No. 2004-CP-18-01408) on August 24, 2004. The Court of Common Pleas dismissed the application on December 11, 2007. The South

Carolina Court of Appeals denied certiorari in the post-conviction case on December 2, 2009.

In the above-captioned case, Petitioner has submitted a "PETITION FOR WRIT OF ERROR CORAM NOBIS[.]"    Petitioner raises one ground in the petition: ineffective assistance of counsel rendered by his attorney, who was a "SURROGATE PROSECUTOR[.]"    Petitioner notes that the responding officer and the EMT medic identified him (Petitioner) as a passenger, not the driver.  Petitioner contends that his trial counsel was ineffective by hiring an accident reconstruction expert, who concluded that Petitioner was the driver.  Petitioner's counsel shared that accident reconstruction report with the State.

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition and the Form AO 240 (motion to proceed *in forma pauperis*) filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted



by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Petitioner, as a state prisoner, cannot bring a *coram nobis* action in federal court because the writ of *coram nobis* has been abolished.  See Fed. R. Civ. P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."); Lowery v.

McCaughtry, 954 F.2d 422, 423-24 (7th Cir. 1992); Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (noting abolition of "writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review"); McKelvey v. Rivera, Civil Action No. 4:10-422-HFF-TER, 2010 WL 2985965, *1 n.3 (D.S.C. June 18, 2010) ("The writ of *coram nobis* has been abolished in federal civil practice."), *adopted*, 2010 WL 2985963 (D.S.C. July 27, 2010), *affirmed*, McKelvey v. Rivera, No 10-7253, 2010 WL 5439707 (4th Cir. Dec 29, 2010); Mosbarger v. Superior Court of Contra Costa, No. C 95-4072 MMC, 1995 WL 743721 (N.D. Cal. Dec. 8, 1995).

In any event, Petitioner has filed his petition for a writ of *coram nobis* in the wrong court. A petition for writ of *coram nobis* or a petition for writ of *coram vobis* is to be filed in the court in which the judgment was rendered. See Lowery, 954 F.2d at 423; Mosbarger, 1995 WL 743721, *1 n. 2.

With respect to his convictions for felony DUI, driving under suspension (third offense), and habitual traffic offender, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner has exhausted his state court remedies, he has, in the case at bar, submitted a successive petition.

In Roy Allen Roberts v. Tim Riley, Civil Action No. 0:10-0865-HFF-PJG, Petitioner on April 8, 2010 brought a Section 2254 action to challenge his convictions. On April 20, 2010, the undersigned directed the respondent to file an answer or return. After receiving

PJG

two extensions of time, the respondent in Civil Action No. 0:10-0865-HFF-PJG filed a return, memorandum, and motion for summary judgment on August 13, 2010.

The undersigned on August 16, 2010, issued a Roseboro order to apprise Petitioner of dispositive motion procedure. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner responded to the Roseboro order on September 2, 2010.

In a Report and Recommendation filed in Civil Action No. 0:10-0865-HFF-PJG on October 15, 2010, the undersigned recommended that the respondent's motion for summary judgment be granted. The parties in Civil Action No. 0:10-0865-HFF-PJG were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed.

In an Order filed in Civil Action No. 0:10-0865-HFF-PJG on November 8, 2010, the Honorable Henry F. Floyd, United States District Judge, adopted the Report and Recommendation, granted summary judgment to the respondent, and denied Petitioner's request to continue to be housed at the Tyger River Correctional Institution. No appeal was filed in Civil Action No. 0:10-0865-HFF-PJG.

The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); see also Tyler v. Cain, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 0:10-0865-HFF-PJG was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 0:11-0066-HFF-PJG) is successive.



This court may take judicial notice of Civil Action No. 0:10-0865-HFF-PJG.  See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

In any event, there is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case.  Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.  In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").  Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Accordingly, the court recommends that the "PETITION FOR WRIT OF ERROR CORAM NOBIS" be dismissed without prejudice and without requiring Respondent to file an answer or return.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the

PJG

record clearly indicates that the petitioner's claims are either barred from review or without merit."); <u>Baker v. Marshall</u>, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2011
Columbia, South Carolina


*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).